IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **EXXONMOBIL OIL CORPORATION**<br>A New York Corporation, | ) )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. |
| **D CONSTRUCTION MANAGEMENT** | )<br>) | FILED: MAY 28, 2008 |
| **COMPANY, INC,** an Illinois Corporation, and<br>**PT FERRO CONSTRUCTION COMPANY, INC.** | )<br>) | 08CV3064    PH<br>JUDGE NORGLE |
| An Illinois Corporation, and<br>**TRANSYSTEMS CORPORATION**, a Missouri | )<br>) | MAGISTRATE JUDGE SCHENKIER |
| Corporation, and **CONSOER TOWNSEND** | ) | |
| **ENVIRODYNE ENGINEERS, INC.**,  a Delaware | ) | |
| Corporation | )<br>) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, EXXONMOBIL OIL CORPORATION, a New York Corporation (hereinafter

"EMOC"), complains against Defendants, D CONSTRUCTION MANAGEMENT

COMPANY, INC. an Illinois Corporation (hereinafter "D Construction"), PT FERRO

CONSTRUCTION COMPANY, INC., an Illinois Corporation (hereinafter "PT Ferro")

TRANSYSTEMS CORPORATION, a Missouri Corporation (hereinafter

"Transystems"), and CONSOER TOWNSEND ENVIRODYNE ENGINEERS, INC.,  a

Delaware Corporation (hereinafter "CTE") as follows:

## THE PARTIES

1.      At all times relevant hereto Plaintiff, EMOC, a New York Corporation with its principal place of business and executive headquarters located in Houston, Texas, was a duly registered foreign corporation in the State of Illinois engaged in the petrochemical, petroleum and related industries.

2.      EMOC owns and operates a refinery located on both sides of Arsenal Road, Channahon, Will County, Illinois.

3.      At all times relevant hereto Defendant Transystems, a Missouri Corporation with its principal place of business and executive headquarters located in Kansas City, Missouri, was corporation engaged in providing engineering services related to the planning, design and execution of large scale commercial transportation and intermodal facilities and projects.

4.      At all times relevant hereto Defendant CTE, a Delaware Corporation with its principal place of business and executive headquarters located in Chicago, Illinois, was a corporation engaged in providing construction management and engineering oversight services

5.      At all times relevant hereto Defendant D Construction, an Illinois Corporation with its principal place of business and executive headquarters in Coal City, Illinois, was a corporation engaged in providing general contracting, excavation, and road construction services.

6.      At all times relevant hereto Defendant PT Ferro, an Illinois Corporation with its principal place of business and executive headquarters in Joliet, Illinois, was a

2

corporation engaged in providing general contracting, subcontracting, excavation, and road construction services.

## OPERATIVE FACTS

7.      The present dispute involves the cutting of private electric lines owned by EMOC during a roadway reconstruction project commissioned by the County of Will.

8.      Plaintiff EMOC's Joliet Refinery borders I-55 and is approximately 2 miles south of the intersection of I-55 and I-80, two of the major interstate highways in the United States. The Joliet Refinery is also bisected by Arsenal Road, an east-west thoroughfare that was a minor arterial roadway prior to the road project at issue.

9.      After the Department of Defense decommissioned the Joliet Arsenal in the mid-1990's, a plan was developed by the County of Will to transform part of the former Joliet Arsenal into the world's largest intermodal facility, connecting train, truck and barge traffic.

10.     As part of this redevelopment, Arsenal Road needed to be replaced and substantially widened so that container trucks and other heavy commercial traffic could gain access to-and-from the intermodal facility.

11.     In connection with this plan, Defendant Transystems was awarded the engineering and design contract by the County of Will to plan, develop and design the replacement and widening of Arsenal Road.

12.     Defendant CTE was awarded to contract by the County of Will to act as the project coordinator and construction manager for the reconstruction of Arsenal Road.

13.     Defendant D Construction was hired by the County of Will to act as the general contractor and employed Defendant PT Ferro as a subcontractor to, in part, excavate and remove the existing pavement for the Arsenal Project.

14.     As the engineering firm for the Arsenal Road Project, Defendant Transystems was required to produce plans and schematics showing all of the underground utilities along side, over and underneath Arsenal Road so that excavation and construction would not damage any existing utilities or trespass upon any private property.

15.     As the project manager for the Arsenal Road Project, Defendant CTE was required to coordinate information between and among Will County, Defendant D Construction, Defendant PT Ferro, and Defendant Transystems and property owners along Arsenal Road so that the excavation and construction would not damage any existing utilities or trespass upon any private property.

16.     On or about, May 24, 2007, during construction on the Arsenal Road Project, Defendant PT Ferro encountered two sets of stainless steel electrical conduit lines belonging to Plaintiff EMOC underneath Arsenal Road. These conduits run between two sections of Plaintiff EMOC's property located on either side of Arsenal Road.

17.     The existence and location of such lines were well known to all defendants, as EMOC received a permit from the County of Will Highway Department, Application Permit #A179504, on June 7, 1995, and which records and schematics were open and available for inspection, and a matter of public record.

18.     Both sets of Plaintiff EMOC's conduit lines were encased in steel tubing with an outer concrete covering.

19.     Each set of Plaintiff EMOC's conduit lines contained three heavy gauge copper electrical lines.

20.     Upon encountering the first set of concrete and steel tubing, Defendant PT Ferro continued to dig, breaking the electrical lines' outer concrete and inner steel casing.

21.     After breaching the casings, Defendant PT Ferro pulled the first set of electrical lines from their moorings at the transformer, short circuiting the electricity, causing a power outage to Plaintiff EMOC's water filtration plant.

22.     After pulling the first set of lines from their moorings, Defendant PT Ferro sawed through the lines with some type of industrial equipment, and then continued their roadway excavation without delay.

23.     Defendant PT Ferro then immediately encountered the second set of EMOC electrical lines, and again pulled these lines partially from their moorings. However, Defendant PT Ferro refrained from cutting this second set of electric lines as EMOC employees rushed to the construction site and demanded that Defendant PT Ferro cease its activities.

24.     Because the second set of lines was not cut, EMOC employees were able temporarily restore power to the filtration plant, and thus avoid a shutdown of the refinery. The total damages incurred by EMOC in the repair and replacement of the damaged electrical lines is approximately $950,000.

**JURISDICTION AND VENUE**

25.     Jurisdiction is based upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. §1332.

26.    Plaintiff EMOC is a New York Corporation with its principal place of business and executive headquarters in the State of Texas.

27.    Defendant D Construction is an Illinois corporation with its principal place of business and executive headquarters in the State of Illinois.

28.    Defendant PT Ferro is an Illinois corporation with its principal place of business and executive headquarters in the State of Illinois.

29.    Defendant Transystems is an Missouri Corporation with its principal place of business and executive headquarters in the State of Missouri.

30.    Defendant CTE is an Delaware corporation with its principal place of business and executive headquarters in the State of Illinois.

31.    The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of costs and interests.

<u>**COUNT I – TRESPASS (PT FERRO)**</u>

32.    Each of the forgoing Paragraphs of this Complaint are incorporated by reference in this Count I, and repeated herein as if fully restated.

33.    On or about May 24, 2007, Defendant PT Ferro failed to exercise proper care in its excavation and construction on Arsenal Road that it intruded onto Plaintiff EMOC's property when it hit and broke the concrete and steel casing, pulled the electrical lines from the mooring, and cut the electrical lines belonging to Plaintiff EMOC.

34.    On or about May 24, 2007, Defendant PT Ferro intended to and did intrude on the Plaintiff EMOC's property when it when it hit and broke the concrete and

steel casing, pulled the electrical lines from the mooring, and cut the electrical lines belonging to Plaintiff EMOC.

35.     On or about May 24, 2007, Defendant PT Ferro's conduct was ultrahazardous when it, knowing that it was excavating on a roadway that bisected a petroleum refinery, not only hit EMOC's underground facilities, but did not immediately stop, continued to pull, and through the application of great force detached such electrical lines from their moorings, cut such electrical lines, and then continued to hit and detach a second set of EMOC electrical lines, thus causing a trespass and damage to EMOC property for which EMOC incurred substantial sums to replace and repair.

WHEREFORE, the Plaintiff, EMOC, prays for a judgment in its favor and against PT Ferro in an amount in excess of $75,000, plus attorney fees, costs, expenses, and for all such other relief this Court deems proper, just and fit.

## COUNT II – NEGLIGENCE (D CONSTRUCTION)

36.     Paragraphs 1 –31 of this Complaint are incorporated by reference in this Count II, and repeated herein as if fully restated.

37.     At all times relevant hereto Defendant D Construction owed to the Plaintiff EMOC the duty to use reasonable care in the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

38.     In the breach of such duty of reasonable care, Defendant D Construction committed one or more of the following acts or omissions:

A.     Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

B.     Failed to properly protect Plaintiff EMOC's property from damage; and

7

C.     Failed to properly hire, supervise and train employees and subcontractors to prevent damage to Plaintiff EMOC's property.

39.     As a direct and proximate cause of one or more of the foregoing negligent acts or omissions by Defendant D Construction that Plaintiff EMOC's property was damaged  causing economic losses, expenses, and property damage.

WHEREFORE, the Plaintiff EMOC prays for a judgment in its favor in an amount in excess of $75,000, plus attorney fees, costs, expenses, and for all such other relief this Court deems proper, just and fit.

## COUNT III – NEGLIGENCE (PT FERRO)

40.     Paragraphs 1 –31 of this Complaint are incorporated by reference in this Count III, and repeated herein as if fully restated.

41.     At all times relevant hereto Defendant PT Ferro owed to the Plaintiff EMOC the duty to use reasonable care in the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

42.     In the breach of such duty of reasonable care, Defendant PT Ferro committed one or more of the following acts or omissions:

A.     Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

B.     Failed to properly protect Plaintiff EMOC's property from damage;

C.     Failed to properly hire, supervise and train employees and subcontractors to prevent damage to Plaintiff EMOC's property;

D.     Failed to properly cease digging and excavation when encountered Plaintiff EMOC's property to prevent further damage.

43.     As a direct and proximate cause of one or more of the foregoing negligent acts or omissions by Defendant PT Ferro that Plaintiff EMOC's property was damaged causing economic losses, expenses, and property damage.

WHEREFORE, the Plaintiff EMOC prays for a judgment in its favor in an amount in excess of $75,000, plus attorney fees, costs, expenses, and for all such other relief this Court deems proper, just and fit.

## COUNT IV – NEGLIGENCE (TRANSYSTEMS CORPORATION)

44.     Paragraphs 1 –31 of this Complaint are incorporated by reference in this Count IV, and repeated herein as if fully restated.

45.     At all times relevant hereto Defendant Transystems owed to the Plaintiff EMOC the duty to use reasonable care in the planning, design, and coordination for the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

46.     In the breach of such duty of reasonable care, Defendant Transystems committed one or more of the following acts or omissions:

A.      Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

B.      Failed to properly follow established procedures to collect and disseminate data for subsurface utilities;

C.      Failed to properly protect Plaintiff EMOC's property from damage; and

D.      Failed to properly hire, supervise and train employees and subcontractors to prevent damage to Plaintiff EMOC's property.

47.     As a direct and proximate cause of one or more of the foregoing negligent acts or omissions by Defendant Transystems Corporation that Plaintiff EMOC's property was damaged causing economic losses, expenses, and property damage.

WHEREFORE, the Plaintiff EMOC prays for a judgment in its favor in an amount in excess of $75,000, plus attorney fees, costs, expenses, and for all such other relief this Court deems proper, just and fit.

### COUNT V – NEGLIGENCE
### (CONSOER TOWNSEND ENVIRODYNE ENGINEERS, INC.)

48.     Paragraphs 1–31 of this Complaint are incorporated by reference in this Count V, and repeated herein as if fully restated.

49.     At all times relevant hereto Defendant CTE owed to the Plaintiff EMOC the duty to use reasonable care in the supervision of the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

50.     In the breach of such duty of reasonable care, Defendant CTE committed one or more of the following acts or omissions:

A.     Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

B.     Failed to properly follow established procedures to collect and disseminate data for subsurface utilities;

C.     Failed to properly protect Plaintiff EMOC's property from damage;

D.     Failed to properly coordinate, supervise and train employees, subcontractors and contractor to prevent damage to Plaintiff EMOC's property;

E.    Failed to undertake and implement safety procedures and protocols, and to disseminate same to contractors and subcontractors requiring that that they (contractors and subcontractors) immediately cease all work upon encountering unknown facilities while working adjacent to the refinery.

51.    As a direct and proximate cause of one or more of the foregoing negligent acts or omissions by Defendant CTE that Plaintiff EMOC's property was damaged causing economic losses, expenses, and property damage.

WHEREFORE, the Plaintiff EMOC prays for a judgment in its favor in an amount in excess of $75,000, plus attorney fees, costs, expenses, and for all such other relief this Court deems proper, just and fit.

EXXON MOBIL OIL CORPORATION

By: _____

Frank P. Andreano, one of Plaintiffs' Attorneys

Frank P. Andreano, ARDC 06202756
Brumund, Jacobs, Hammel & Davidson LLC.
Attorneys for Exxon Mobil Oil Corporation
58 East Clinton, Ste. 200
Joliet, Il 60432
(815) 723-0628