IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION, A New York Corporation<br><br>Plaintiff,<br><br>v.<br><br>D CONSTRUCTION MANAGEMENT COMPANY, INC., an Illinois Corporation, and PT FERRO CONSTRUCTION COMPANY, INC., An Illinois Corporation, and TRANSYSTEMS CORPORATION, a Missouri Corporation, and CONSOER TOWNSEND ENVIRODYNE ENGINEERS, INC., a Delaware Corporation<br><br>Defendants. | Case No. 08 CV 3064<br><br>Judge Norgle<br><br>Magistrate Judge Schenkier |

**MOTION OF CONSOER TOWNSEND ENVIRODYNE ENGINEERS, INC.
TO DISMISS COUNT V OF THE COMPLAINT**

Defendant Consoer Townsend Envirodyne Engineers, Inc. ("CTE"), through its attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeks the entry of an Order dismissing Count V of the Complaint filed by plaintiff Exxonmobil Oil Corporation ("Exxonmobil"). In support of this Motion, CTE states as follows:

1. On May 28, 2008, Exxonmobil filed a five count complaint seeking to hold each of the defendants responsible for property damage it incurred when its underground utility lines were struck during the construction of the replacement and widening of Arsenal Road (the "Project")

2. In its Complaint, Exxonmobil asserts a claim for negligence against CTE arising out of CTE's engineering services, for which it contracted with the County of Will to perform, in connection with the Project.

CH3 1136922.1

3. In its Complaint, Exxonmobil concedes that:

   a. defendant Transystems Corporation produced the design documents for the Project;

   b. defendant D Construction Management Company, Inc. was hired as the general contractor to build the Project; and

   c. defendant PT Ferro Construction Company, Inc. was hired by D Construction Management Company, Inc. and was the entity that damaged Exxonmobil's utility lines.

4. With respect to CTE, Exxonmobil alleges that CTE failed to perform duties including protecting Exxonmobil's property, coordinating, supervising and training subcontractors and contractors; and undertaking and implementing safety procedures and protocols.

5. More than twenty years ago, the Illinois Supreme Court held that even when the engineer is being sued in tort, the scope of the engineer's duty is nevertheless defined by the engineer's contract for its services. *Ferentchak v. Village of Frankfort*, 105 Ill.2d 474, 482, 475 N.E.2d 822, 826 (1985). Because CTE had not contracted to perform any of the obligations alleged in Exxonmobil's complaint, including those identified above, Count V of Exxonmobil's complaint should be dismissed with prejudice.

6. In further support of this Motion, CTE submits the accompanying Memorandum of Law.

WHEREFORE, defendant Consoer Townsend Envirodyne Engineers, Inc. respectfully requests that the Court enter an Order dismissing Count V of the Complaint as it pertains solely to CTE, and awarding such other and further relief as this Court deems appropriate and just.

          Respectfully submitted,

/s/ Scott J. Smith
Scott J. Smith (# 6238132)
Seyfarth Shaw LLP
131 S. Dearborn St.
Suite 2400
Chicago, IL  60603-5803
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

*Attorneys for Defendant Consoer Townsend Envirodyne Engineers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, I electronically transmitted the **Motion of Consoer Townsend Envirodyne Engineers, Inc. to Dismiss Count of the Complaint** to the Clerk of Court using the ECF System for filing.

                                        /s/ Scott J. Smith
                                          Scott J. Smith