

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3064 | **DATE** | 7/10/2008 |
| **CASE TITLE** | ExxonMobil Oil Corp. vs. D Constr. Mgmt. Co., Inc., et al. | | |

**DOCKET ENTRY TEXT**

Motion by Defendant Consoer Townsend Environdyne Engineers ("CTE") to dismiss Count V of the complaint [8] is denied. CTE shall answer or otherwise plead by July 28, 2008.

■ [ For further details see text below.]     Notified counsel by telephone. Notices mailed by Judicial staff.

### STATEMENT

    Before the Court is Defendant Consoer Townsend Envirodyne Engineers, Inc.'s ("CTE") Motion to Dismiss, pursuant to 12(b)(6), Count V of Plaintiff Exxonmobil Oil Corporation's ("Exxon") Complaint. In support, CTE presents the Court with affirmative statements that CTE did not contract to perform any of the obligations alleged in Exxon's complaint. As such, CTE requests that the complaint be "summarily dismissed."

    As always, we take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff for purposes of determining whether they state a claim for relief under Rule 12(b)(6). See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000) (citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). In other words, the issue not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Smith v. Cash Stopre Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman, 507 U.S. at 168. Rule 8(a) requires that a complaint contain a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This short, plain statement must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007); see Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The complaint must also contain sufficient allegations based on more than speculation to state a claim to relief that is plausible on its face. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

    Here, Exxon has pleaded Count V with particularity and has given CTE fair notice of the claim and the grounds upon which it rests. This is all a plaintiff needs to survive a 12(b)(6) motion. What nullifies CTE's motion at this point in the proceedings is that it takes the form of an affirmative defense. While CTE's

| STATEMENT |
|---|
| argument may come into play in a motion for summary judgment or in another dispositive motion, it is premature at this point for the Court to consider in a 12(b)(6) motion any additional assertions that merely contradict or provide defenses to the allegations in the complaint. Accordingly, CTE's motion to dismiss is denied.<br>   IT IS SO ORDERED. |

FILED-ED
2008 JUL 10 PM 5:19
CLERK
U.S. DISTRICT COURT