UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION,<br>a New York Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>D CONSTRUCTION MANAGEMENT<br>COMPANY, INC, an Illinois Corporation,<br>P.T. FERRO CONSTRUCTION COMPANY,<br>INC., an Illinois Corporation, TRANSYSTEMS<br>CORPORATION, a Missouri Corporation, and<br>CONSOER TOWNSEND ENVIRODYNE<br>ENGINEERS, INC., a Delaware Corporation,<br><br>    Defendants. | 08-CV-3064 |

### P.T. FERRO CONSTRUCTION COMPANY INC.'S ANSWER
### TO CONSOER'S CROSS-CLAIM

NOW COMES Defendant/Cross-Defendant, P.T. Ferro Construction Company Inc., by its counsel, Rathbun, Cservenyak & Kozol, LLC., and for its answer to Defendant Consoer Townsend Envirodyne Engineers, Inc.'s Cross-Claim, states as follows:

### COUNT I
### (Contribution)

1. On Information and belief, ExxonMobil Oil Corporation ("EMOC") is a New York Corporation with its principal place of business in Houston, Texas, and is engaged in the petrochemical, petroleum and related industries.

**Answer:** This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 1 of Count I of the Cross-Claim, but demands strict proof thereof.

2. On information and belief, D Construction Management Company, Inc. ("D Construction") is an Illinois Corporation with its principal place of business in Coal City, Illinois, and is a corporation engaged in providing general contracting services.

**Answer:** This Defendant admits the allegations set forth in Paragraph 2 of Count I of the Cross-Claim.

3. On information and belief, PT Ferro Construction Company, Inc. ("PT Ferro") is an Illinois Corporation with its principal place of business in Joliet, Illinois, and is a corporation engaged in providing excavation and road construction services.

**Answer:** This Defendant admits the allegations set forth in Paragraph 3 of Count I of the Cross-Claim.

4. On information and belief, Transystems Corporation ("Transystems") is a Missouri Corporation with its principal place of business in Kansas City, Missouri, and is engaged in providing engineering services related to the planning, design and construction of commercial transportation and intermodal facilities and projects.

**Answer:** This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 4 of Count I of the Cross-Claim, but demands strict proof thereof.

5. Consoer Envirodyne Engineers, Inc. ("Consoer") is a Delaware Corporation with its principal place of business in Chicago, Illinois, and is engaged in providing engineering services related to construction observation.

**Answer:** This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 5 of Count I of the Cross-Claim, but demands strict proof thereof.

6. On information and belief, EMOC owns and operates a refinery located in Channahon, Will County, Illinois. The Refinery, south of the intersection of 1-55 and I80, borders 1-55 and is bisected by Arsenal Road, and east-west thoroughfare.

**Answer:** This Defendant admits the allegations set forth in Paragraph 6 of Count I of the Cross-Claim.

7. On information and belief, the County of Will entered into a written agreement with Transystems to design a roadway reconstruction project for the replacement and widening of Arsenal Road {the "Arsenal Road Project").

**Answer:** This Defendant admits the allegations set forth in Paragraph 7 of Count I of the Cross-Claim.

8. On information and belief, the County of Will entered into a written agreement with D Construction to perform general contracting services and implement the design for the Arsenal Road Project.

**Answer:** This Defendant admits the allegations set forth in Paragraph 8 of Count I of the Cross-Claim.

9. On information and belief, in order to perform its obligations under its written agreement with the County of Will, D Construction entered into a written agreement with PT Ferro to perform various construction activities, including excavation services.

**Answer:** This Defendant admits the allegations set forth in Paragraph 9 of Count I of the Cross-Claim.

10. The County of Will executed a contract with CTE, dated March 16, 2006, in which C I E agreed to observe the work on the Arsenal Road Project, maintain a daily record of the contractor's activities and submit various documents to the County of Will.

**Answer:** This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 10 of Count I of the Cross-Claim, but demands strict proof thereof.

10.(sic) On May 28, 2008, EMOC filed its Complaint naming D Construction, PT Ferro, Transystems and CTE as defendants for damage to its property.

**Answer:** This Defendant neither admits nor denies the allegations set forth in Paragraph 10 (sic) of Count I of the Cross-Claim, as Plaintiff's Complaint speaks for itself. To

the extent any of the allegations in Paragraph 10 (sic) of Count I of the Cross-Claim are inconsistent therewith, and to the extent an answer is required, this Defendant admits said allegations.

11. In its Complaint, EMOC alleges that on or about May 24, 2007, during construction on the Arsenal Road Project, PT Ferro damaged two sets of electrical conduit lines belonging to EMOC that it encountered underneath Arsenal Road. EMOC seeks reimbursement for the alleged damages it suffered from each of the defendants, asserting negligence claims against each of them (Counts II through V), as well as asserting a claim for trespass against PT Ferro.

**Answer**: This Defendant neither admits nor denies the allegations set forth in Paragraph 11 of Count I of the Cross-Claim, as Plaintiff's Complaint speaks for itself. To the extent any of the allegations in Paragraph 11 of Count I of the Cross-Claim are inconsistent therewith, and to the extent an answer is required, this Defendant denies said allegations.

12. On August 4, 2008, CTE filed the Answer and Affirmative Defenses of Consoer Townsend Envirodyne Engineers, Inc. to the Complaint of ExxonMobil Oil Corporation (the "Answer") denying any and all liability against it as alleged in EMOC's Complaint and files this cross-claim for contribution in the alternative, without waiving any of its responses, denials or any other pleadings on file in the instant litigation.

**Answer:** This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 12 of Count I of the Cross-Claim, but demands strict proof thereof.

13. Pleading in the alternative, and without prejudice to the assertions and denials in its Answer, in the event that CTE is found liable to EMOC, it would be as a direct and proximate result of the negligent acts and/or omissions of defendants D Construction, PT Ferro and/or

Transystems as alleged in EMOC's Complaint.

**Answer:** To the extent the allegations set forth in Paragraph 13 of Count I of the Cross-Claim are directed at P.T. Ferro, this Defendant denies said allegations.

14. At the time of the occurrence alleged in EMOC's Complaint, there existed, and still exists, a right to contribution between tortfeasors pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, et seq.

**Answer:** This Defendant admits to the existence of the Illinois Contribution Among Joint Tortfeasors Act but denies its applicability to P.T. Ferro in this case and, therefore, to the extent the allegations of Paragraph 14 of Count I of the Cross-Claim are directed at P.T. Ferro, P.T. Ferro denies said allegations.

15. If CTE is found to be liable to EMOC in this matter, then CTE is entitled to contribution from each of defendants D Construction, PT Ferro and Transystems in the amount that constitutes the contributory share of responsibility on the part of each of them.

**Answer:** To the extent the allegations set forth in Paragraph 15 are directed at this Defendant, P.T. Ferro denies the allegations and denies that CTE is entitled to any contribution from P.T. Ferro whatsoever.

WHEREFORE, Defendant/Cross-Defendant P.T. Ferro Construction Company, Inc., respectfully prays for entry of an Order dismissing Defendant/Cross-Plaintiff Consoer Townsend Envirodyne Engineers, Inc.'s Cross-Claim, with prejudice, for their costs sustained herein, and for such other and further relief as this Court deems just and appropriate.

## COUNT II

### (Indemnification – D Construction)

This Defendant makes no answer to the allegations set forth in Count II of Consoer's Cross-Claim as said allegations are not directed against it. To the extent any of the allegations contained therein are directed against this Defendant, said allegations are denied.

                    P.T. FERRO CONSTRUCTION COMPANY,


                By:         s/ William V. Kozol

                    One of Its Attorneys


William V. Kozol (Ill.Reg.No. 3121881)
Robert M. Shupenus (Ill.Reg.No. 6238096)
RATHBUN, CSERVENYAK & KOZOL, LLC
3260 Executive Drive
Joliet, Illinois  60431
Telephone: 815/730-1977