UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION, a New York Corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>D CONSTRUCTION MANAGEMENT COMPANY, INC, an Illinois Corporation, P.T. FERRO CONSTRUCTION COMPANY, INC., an Illinois Corporation, TRANSYSTEMS CORPORATION, a Missouri Corporation, and CONSOER TOWNSEND ENVIRODYNE ENGINEERS, INC., a Delaware Corporation,<br><br>                 Defendants. | 08-CV-3064 |

## P.T. FERRO CONSTRUCTION COMPANY INC.S' ANSWERS TO TRANSYSTEMS CORPORATION'S CROSS-CLAIMS

NOW COMES Defendant, P.T. Ferro Construction Company, Inc., by its counsel, RATHBUN, CSERVENYAK & KOZOL, LLC, and for its Answers to Transystems Corporation's Cross-Claims against the Defendants D Construction Management Company, Inc., PT Ferro Construction Company, Inc. and Consoer Townsend Envirodyne Engineers, Inc., states as follows:

### GENERAL ALLEGATIONS

1.      On Information and belief, ExxonMobil Oil Corporation ("EMOC") is a New York Corporation with its principal place of business in Houston, Texas, and is engaged in the petrochemical, petroleum and related industries.

    **Answer:**    This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 1 but demands strict proof thereof.

2.      On information and belief, D Construction Management Company, Inc. ("D Construction") is an Illinois Corporation with its principal place of business in Coal City, Illinois, and is a corporation engaged in providing general contracting, excavation and road construction

services.

**Answer:**   This Defendant admits the allegations set forth in Paragraph 2.

3. On information and belief, PT Ferro Construction Company, Inc. ("PT Ferro") is an Illinois Corporation with its principal place of business in Joliet, Illinois, and is a corporation engaged in providing general contracting, subcontracting, excavation and road construction services.

**Answer:**   This Defendant admits the allegations set forth in Paragraph 3.

4. On information and belief, Consoer Townsend Envirodyne Engineers, Inc. ("Consoer") is a Delaware Corporation with its principal place of business in Chicago, Illinois, and is a corporation engaged in providing construction management and engineering overnight services.

**Answer:**   This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 4, but demands strict proof thereof.

5. Transystems Corporation ("Transystems") is a Missouri Corporation with its principal place of business in Kansas City, Missouri, and is engaged in providing engineering services related to transportation projects.

**Answer:**   This Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 5, but demands strict proof thereof.

6. On May 28, 2008, EMOC filed its Complaint against Transystems, and other defendants, arising out of a roadway reconstruction project for Arsenal Road in Will County, Illinois ("Arsenal Road Project").

**Answer:**   This Defendant admits the allegations set forth in Paragraph 6.

7. On July 24, 2008, Transystems filed its Answer and Affirmative Defenses denying all material allegations directed against Transystems.

**Answer:**   This Defendant admits the allegations set forth in Paragraph 7.

8. EMOC alleges in its Complaint that during the Arsenal Road Project, electrical

lines supplying electricity to the EMOC facility were cut and pulled from their moorings at the transformer, short circuiting the electricity and causing a power outage to EMOC's water filtration plant.

**Answer:** This Defendant neither admits nor denies the allegations set forth in Paragraph 8, as Plaintiff's Complaint speaks for itself. To the extent any of the allegations in Paragraph 8 are inconsistent therewith, and to the extent an answer is required, this Defendant admits said allegations.

9. EMOC further alleges that a second set of electrical lines was also partially pulled from its moorings.

**Answer:** This Defendant neither admits nor denies the allegations set forth in Paragraph 9, as Plaintiff's Complaint speaks for itself. To the extent any of the allegations in Paragraph 9 are inconsistent therewith, and to the extent an answer is required, this Defendant admits said allegations.

10. EMOC seeks damages from Transystems, and other defendants, in the amount of $950,000 for repair and replacement of the damaged electrical lines.

**Answer:** This Defendant neither admits nor denies the allegations set forth in Paragraph 10, as Plaintiff's Complaint speaks for itself. To the extent any of the allegations in Paragraph 10 are inconsistent therewith, and to the extent an answer is required, this Defendant admits said allegations.

## CROSS-CLAIMS

Pleading in the alternative, and without prejudice to any present or future denials or answers pled by Transystems in response to the EMOC Complaint, Transystems asserts the following cross-claims for contribution.

## COUNT I
### (Contribution v. D Construction)

This Defendant makes no answer to the allegations set forth in Count I of Transystems

ross-Claim as said allegations are not directed against it. To the extent any of the allegations contained therein are directed against this Defendant, said allegations are denied.

## COUNT II
### (Contribution v. PT Ferro)

16. P.T. Ferro realleges and incorporates paragraphs I through 10 of its Answers to the General Allegations as paragraph 16 of this Count II as though fully set forth herein.

17. EMOC alleges that PT Ferro was hired as a subcontractor by D Construction to excavate and remove the pavement for the Arsenal Road Project.

**Answer:** This Defendant neither admits nor denies the allegations set forth in Paragraph 17, as Plaintiff's Complaint speaks for itself. To the extent any of the allegations in Paragraph 17 are inconsistent therewith, and to the extent an answer is required, this Defendant admits said allegations.

18. EMOC claims that PT Ferro owed a duty to use reasonable care in the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

**Answer:** This Defendant admits only those duties as imposed by law and specifically denies any violation of the same.

19. In the event EMOC is entitled to any recovery from Transystems for its purported negligence, which Transystems has denied and continues to deny, then said recovery shall be based, in whole or in part, on the negligence of PT Ferro, who EMOC alleges committed one or more of the following negligent acts and/or omissions:

   a. Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

   b. Failed to properly protect Plaintiff EMOC's property from damage;

   c. Failed to properly hire, supervise and train employees and subcontractors to prevent damage to Plaintiff EMOC's property; and

   d. Failed to properly cease digging and excavation when it encountered EMOC's property to prevent further damage.

**Answer:** This Defendant denies the allegations set forth in paragraph 19, including subparagraphs a. through d. inclusive.

20. If Transystems is found to be liable to EMOC in this matter, then Transystems is entitled to contribution from Defendant PT Ferro pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 1001.01 et. seq.

**Answer:** This Defendant denies the allegations set forth in paragraph 20.

WHEREFORE, Defendant/Cross-Defendant P.T. Ferro Construction Company, Inc., respectfully prays for entry of an Order dismissing Defendant/Cross-Plaintiff Consoer Townsend Envirodyne Engineers, Inc.'s Cross-Claim, with prejudice, for their costs sustained herein, and for such other and further relief as this Court deems just and appropriate.

## COUNT III
### (Contribution v. Consoer)

This Defendant makes no answer to the allegations set forth in Count I of Transystems Cross-Claim as said allegations are not directed against it. To the extent any of the allegations contained therein are directed against this Defendant, said allegations are denied.

P.T. FERRO CONSTRUCTION COMPANY,


By: s/ William V. Kozol

One of Its Attorneys


William V. Kozol (Ill.Reg.No. 3121881)
Robert M. Shupenus (Ill.Reg.No. 6238096)
RATHBUN, CSERVENYAK & KOZOL, LLC
3260 Executive Drive
Joliet, Illinois 60431
Telephone:815/730-1977