3007777-MJM                                                    #6276278

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EXXONMOBILE OIL CORPORATION, a New York Corporation, ) ) ) | |
| **Plaintiff** ) ) | |
| **vs.** ) ) | NO:   08 CV 3064  PH |
| D CONSTRUCTION MANAGEMENT ) COMPANY, INC., an Illinois Corporation, and ) PT FERRO CONSTRUCTION COMPANY, INC., ) an Illinois Corporation, and TRANSYSTEMS ) CORPORATION, a Missouri Corporation, and ) CONSOER TOWNSEND ENVIRODYNE ) ENGINEERS, INC., a Delaware Corporation, ) ) | Judge Norgle  Magistrate Judge Schenkier |
| **Defendants** ) | |

### D. CONSTRUCTION, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
### WITH JURY DEMAND

Defendant, D. CONSTRUCTION, INC., sued herein as D CONSTRUCTION MANAGEMENT COMPANY, INC., by attorneys SMITHAMUNDSEN LLC, answers Plaintiff's Complaint as follows:

### THE PARTIES

1.     At all times relevant hereto Plaintiff, EMOC, a New York Corporation with its principal place of business and executive headquarters located in Houston, Texas, was a duly registered foreign corporation in the State of Illinois engaged in the petrochemical, petroleum and related industries.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 1, and therefore neither admits nor denies the same but demands strict proof thereof.**

2.     EMOC owns and operates a refinery located on both sides of Arsenal Road, Channahon, Will County, Illinois.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to form**

**a belief about the truth or falsity of plaintiff's allegations of Paragraph 2, and therefore neither admits nor denies the same but demands strict proof thereof.**

3.    At all times relevant hereto Defendant Transystems, a Missouri Corporation with its principal place of business and executive headquarters located in Kansas City, Missouri, was corporation engaged in providing engineering services related to the planning, design and execution of large scale commercial transportation and intermodal facilities and projects.

**ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 3, and therefore neither admits nor denies the same but demands strict proof thereof.**

4.    At all times relevant hereto Defendant CTE, a Delaware Corporation with its principal place of business and executive headquarters located in Chicago, Illinois, was a corporation engaged in providing construction management and engineering oversight services.

**ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 4, and therefore neither admits nor denies the same but demands strict proof thereof.**

5.    At all times relevant hereto Defendant D Construction, an Illinois Corporation with its principal place of business and executive headquarters in Coal City, Illinois, was a corporation engaged in providing general contracting, excavation, and road construction services.

**ANSWER:    Defendant admits that it is an Illinois Corporation with its principal place of business in Cole City, Illinois, and that it provides general contracting and road construction services. Defendant denies all allegations not specifically admitted herein.**

6.    At all times relevant hereto Defendant PT Ferro, an Illinois Corporation with its principal place of business and executive headquarters in Joliet, Illinois, was a corporation engaged in providing general contracting, subcontracting, excavation, and road construction services.

**ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 6, and therefore neither admits nor denies the same but demands strict proof thereof.**

## OPERATIVE FACTS

7.    The present dispute involves the cutting of private electric lines owned by EMOC during a roadway reconstruction project commissioned by the County of Will.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 7, and therefore neither admits nor denies the same but demands strict proof thereof.**

8.    Plaintiff EMOC's Joliet Refinery borders 1-55 and is approximately 2 miles south of the intersection of 1-55 and 1-80, two of the major interstate highways in the United States. The Joliet Refinery is also bisected by Arsenal Road, an east-west thoroughfare that was a minor arterial roadway prior to the road project at issue.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 8, and therefore neither admits nor denies the same but demands strict proof thereof.**

9.    After the Department of Defense decommissioned the Joliet Arsenal in the mid-1990's, a plan was developed by the County of Will to transform part of the former Joliet Arsenal into the world's largest intermodal facility, connecting train, truck and barge traffic.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 9, and therefore neither admits nor denies the same but demands strict proof thereof.**

10.    As part of this redevelopment, Arsenal Road needed to be replaced and substantially widened so that container trucks and other heavy commercial traffic could gain access to-and-from the intermodal facility.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 10, and therefore neither admits nor denies the same but demands strict proof thereof.**

11.    In connection with this plan, Defendant Transystems was awarded the engineering and design contract by the County of Will to plan, develop and design the replacement and widening of Arsenal Road.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 11, and therefore neither admits nor denies the same but demands strict proof thereof.**

12.     Defendant CTE was awarded the contract by the County of Will to act as the project coordinator and construction manager for the reconstruction of Arsenal Road.

**ANSWER:     Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.**

13.     Defendant D Construction was hired by the County of Will to act as the general contractor and employed Defendant PT Ferro as a subcontractor to, in part, excavate and remove the existing pavement for the Arsenal Project.

**ANSWER:     Defendant denies that it employed Defendant PT Ferro. Defendant admits that it hired PT Ferro as a subcontractor to, in part, excavate and remove pavement for the Arsenal Project.  Defendant admits that D Construction contracted with the County of Will to perform work on the Arsenal Project.  Defendant denies all other allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14.     As the engineering firm for the Arsenal Road Project, Defendant Transystems was required to produce plans and schematics showing all of the underground utilities along side, over and underneath Arsenal Road so that excavation and construction would not damage any existing utilities or trespass upon any private property.

**ANSWER:     Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.**

15.     As the project manager for the Arsenal Road Project, Defendant CTE was required to coordinate information between and among Will County, Defendant D Construction, Defendant PT Ferro, and Defendant Transystems and property owners along Arsenal Road so that the excavation and construction would not damage any existing utilities or trespass upon any private property.

**ANSWER:     Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.**

16.     On or about, May 24, 2007, during construction on the Arsenal Road Project, Defendant PT Ferro encountered two sets of stainless steel electrical conduit lines belonging to Plaintiff EMOC underneath Arsenal Road. These conduits run between two sections of Plaintiff EMOC's property located on either side of Arsenal Road.

**ANSWER:     Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 16, and therefore neither admits nor denies the same but demands strict proof thereof.**

17.     The existence and location of such lines were well known to all defendants, as EMOC received a permit from the County of Will Highway Department, Application Permit #A179504, on June 7, 1995, and which records and schematics were open and available for

inspection, and a matter of public record.

> **ANSWER:** **Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18.     Both sets of Plaintiff EMOC's conduit lines were encased in steel tubing with an outer concrete covering.

> **ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 18, and therefore neither admits nor denies the same but demands strict proof thereof.**

19.     Each set of Plaintiff EMOC's conduit lines contained three heavy gauge copper electrical lines.

> **ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 19, and therefore neither admits nor denies the same but demands strict proof thereof.**

20.     Upon encountering the first set of concrete and steel tubing, Defendant PT Ferro continued to dig, breaking the electrical lines' outer concrete and inner steel easing.

> **ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 20, and therefore neither admits nor denies the same but demands strict proof thereof.**

21.     After breaching the casings, Defendant PT Ferro pulled the first set of electrical lines from their moorings at the transformer, short circuiting the electricity, causing a power outage to Plaintiff EMOC water filtration plant.

> **ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 21, and therefore neither admits nor denies the same but demands strict proof thereof.**

22.     After pulling the first set of lines from their moorings, Defendant PT Ferro sawed through the lines with some type of industrial equipment, and then continued their roadway excavation without delay.

> **ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 22, and therefore neither admits nor denies the same but demands strict proof thereof.**

23.    Defendant PT Ferro then immediately encountered the second set of EMOC electrical lines, and again pulled these lines partially from their moorings. However, Defendant PT Ferro refrained from cutting this second set of electric lines as EMOC employees rushed to the construction site and demanded that Defendant PT Ferro cease its activities.

**ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 23, and therefore neither admits nor denies the same but demands strict proof thereof.**

24.    Because the second set of lines was not cut, EMOC employees were able temporarily restore power to the filtration plant, and thus avoid a shutdown of the refinery. The total damages incurred by EMOC in the repair and replacement of the damaged electrical lines is approximately $950,000.

**ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 24, and therefore neither admits nor denies the same but demands strict proof thereof.**

## JURISDICTION AND VENUE

25.    Jurisdiction is based upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. §1332.

**ANSWER:    Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26.    Plaintiff EMOC is a New York Corporation with its principal place of business and executive headquarters in the State of Texas.

**ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 26, and therefore neither admits nor denies the same but demands strict proof thereof.**

27.    Defendant D Construction is an Illinois corporation with its principal place of business and executive headquarters in the State of Illinois.

**ANSWER:    Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28.    Defendant PT Ferro is an Illinois corporation with its principal place of business and executive headquarters in the State of Illinois.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 28, and therefore neither admits nor denies the same but demands strict proof thereof.**

29.    Defendant Transystems is a Missouri Corporation with its principal place of business and executive headquarters the State of Missouri.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 29, and therefore neither admits nor denies the same but demands strict proof thereof.**

30.    Defendant CTE is a Delaware corporation with its principal place of business and executive headquarters in the State of Illinois.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 30, and therefore neither admits nor denies the same but demands strict proof thereof.**

31.    The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of costs and interests.

> **ANSWER:    Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of plaintiff's allegations of Paragraph 31, and therefore neither admits nor denies the same but demands strict proof thereof.**

## COUNT I – TRESPASS (PT FERRO)

32.    Each of the forgoing Paragraphs of this Complaint are incorporated by reference in this Count I, and repeated herein as if fully restated.

> **ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count I of Plaintiff's Complaint including Paragraphs 32-35, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

33.    On or about- May 24, 2007, Defendant PT Ferro failed to exercise proper care in its excavation and construction on Arsenal Road that it intruded onto Plaintiff BMOC's property when it hit and broke the concrete and steel casing, pulled the electrical lines from the mooring, and cut the electrical lines belonging to Plaintiff EMOC.

> **ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count I of Plaintiff's Complaint including Paragraphs 32-35, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

7

34.     On or about May 24, 2007, Defendant PT Ferro intended to and did intrude on the Plaintiff EMOC's property when it hit and broke the concrete and steel casing, pulled the electrical lines from the mooring, and cut the electrical lines belonging to Plaintiff EMOC.

> **ANSWER:     Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count I of Plaintiff's Complaint including Paragraphs 32-35, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

35.     On or about May 24, 2007, Defendant PT Ferro's conduct was ultra hazardous when it, knowing that it was excavating on a roadway that bisected a petroleum refinery, not only hit EMOC's underground facilities, but did not immediately stop, continued to pull, and through the application of great force detached such electrical lines from their moorings, cut such electrical lines, and then continued to hit and detach a second set of EMOC electrical lines, thus causing a trespass and damage to EMOC property for which EMOC incurred substantial sums to replace and repair.

> **ANSWER:     Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count I of Plaintiff's Complaint including Paragraphs 32-35, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

### COUNT II — NEGLIGENCE (D CONSTRUCTION)

36.     Paragraphs 1-31 of this Complaint are incorporated by reference in this Count II, and repeated herein as if fully restated.

> **ANSWER:     Defendant D. CONSTRUCTION, INC. hereby adopts and incorporates by reference its answers to Paragraphs 1-31 as its answer to Paragraph 36 of Count II of Plaintiff's Complaint.**

37.     At all times relevant hereto Defendant D Construction owed to the Plaintiff EMOC the duty to use reasonable care in the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

> **ANSWER:     Defendant D. CONSTRUCTION, INC. admits all duties imposed on it by operation of law, but denies the allegations contained in Paragraph 37 of Count II of Plaintiff's Complaint, as duties arise by operation of law and not by the conclusions of the pleader.**

38.     In the breach of such duty of reasonable care, Defendant D Construction committed one or more of the following acts or omissions:

8

    a.      Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

    b.      Failed to properly protect Plaintiff EMOC's property from damage; and

    c.      Failed to properly hire, supervise and train employees and subcontractors to prevent damage to Plaintiff EMOC's property.

**ANSWER:**    **Defendant D. CONSTRUCTION, INC. denies the allegations contained in Paragraph 38 of Count II of Plaintiff's Complaint, including sub-paragraphs A through C thereof.**

    39.    As a direct and proximate cause of one or more of the foregoing negligent acts or omissions by Defendant D Construction that Plaintiff EMOC's property was damaged causing economic losses, expenses, and property damage.

**ANSWER:**    **Defendant D. CONSTRUCTION, INC. denies the allegations contained in Paragraph 39 of Count II of Plaintiff's Complaint.**

WHEREFORE, Defendant, D. CONSTRUCTION, INC., prays that Count II of Plaintiff's Complaint be dismissed with prejudice and with costs assessed against the Plaintiff.

**AFFIRMATIVE DEFENSES TO COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant, D. CONSTRUCTION, INC. sued herein as D CONSTRUCTION MANAGEMENT COMPANY, INC., by attorneys SMITHAMUNDSEN LLC, and for its Affirmative Defense to the allegations contained in Count II of Plaintiff's Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Contributory Negligence)**

1.    That before and at the time of the occurrence alleged in Plaintiff's Complaint, Plaintiff was under a duty to exercise ordinary care for its property.

2.    That if Plaintiff sustained damages as alleged in Plaintiff's Complaint, then said damages were sustained as a direct and proximate result of Plaintiff's breach of this duty, when it committed one or more of the following negligent acts and/or omissions:

    a.    Negligently and carelessly failed to provide notice of underground electrical lines in accordance with applicable statutes and ordinances;

    b.    Negligently and carelessly failed to notify the parties of the location and existence of the underground electrical lines, though Plaintiff had reason to know that excavation and construction activities were ongoing in the area, and could potentially involve and/or affect the underground electrical wires.

WHEREFORE, Defendant, D. CONSTRUCTION, INC., respectfully requests that if the trier of fact finds in favor of Plaintiff on the issue of liability that any amount of damages awarded to Plaintiff be reduced by the percent of negligence attributable to Plaintiff which caused or contributed to the alleged damages. Alternatively, should the trier of fact find that the Plaintiffs fault exceeds 50%, that judgment be entered in favor of Defendant and against Plaintiff herein with prejudice at the cost of Plaintiff.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

1.    That before, on, and after the date of incident complained of in Plaintiff's Complaint, Plaintiff had a duty to mitigate its damages.

2.    Plaintiff breached its duty to mitigate its damages in one or more of the following respects:

    a.    Failing to notify the party and/or parties performing construction activities on and around Plaintiff's property of the existence and location of the underground electrical lines after it was apparent that construction activities that may involve or affect those lines were underway;

    b.    Failed to inform the party and/or parties performing construction activities on and around Plaintiff's property that the electrical lines, casings and moorings had been impacted, after it was apparent to Plaintiff that the electrical lines had been impacted;

    c.    Failing to provide the water filtration plant operated by Plaintiff with redundant and/or backup sources of electricity to the plant, to avoid power outages.

WHEREFORE, Defendant, D. CONSTRUCTION, INC., respectfully requests that if the trier of fact finds in favor of Plaintiff on the issue of liability that any amount of damages

awarded to Plaintiff be reduced accordingly.

## COUNT III — NEGLIGENCE (PT FERRO)

40.    Paragraphs 1 -31 of this Complaint are incorporated by reference in this Count III, and repeated herein as if fully restated.

> **ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count III of Plaintiff's Complaint including Paragraphs 40-43, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

41.    At all times relevant hereto Defendant PT Ferro owed to the Plaintiff EMOC the duty to use reasonable care in the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

> **ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count III of Plaintiff's Complaint including Paragraphs 40-43, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

42.    In the breach of such duty of reasonable care, Defendant PT Ferro committed one or more of the following acts or omissions:

   A.    Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;
   B.    Failed to properly protect Plaintiff EMOC's property from damage;
   C.    Failed to properly hire, supervise and train employees and subcontractors to prevent damage to Plaintiff EMOC's property;
   D.    Failed to properly cease digging and excavation when encountered Plaintiff EMOC's property to prevent further damage.

> **ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count III of Plaintiff's Complaint including Paragraphs 40-43, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

43.    As a direct and proximate cause of one or more of the foregoing negligent acts or omissions by Defendant PT Ferro that Plaintiff EMOC's property was damaged causing economic losses, expenses, and property damage.

> **ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count III of Plaintiff's Complaint including Paragraphs 40-43, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

## COUNT IV — NEGLIGENCE (TRANSYSTEMS CORPORATION)

44.    Paragraphs 1 -31 of this Complaint are incorporated by reference in this Count IV, and repeated herein as if fully restated.

> **ANSWER:**    **Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count IV of Plaintiff's Complaint including Paragraphs 44-47, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

45.    At all times relevant hereto Defendant Transystems owed to the Plaintiff BMOC the duty to use reasonable care in the planning, design, and coordination for the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

> **ANSWER:**    **Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count IV of Plaintiff's Complaint including Paragraphs 44-47, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

46.    In the breach of such duty of reasonable care, Defendant Transystems committed one or more of the following acts or omissions:

> A.    Failed to properly identify Plaintiff EMOC's property along side an under Arsenal Road;
> B.    Failed to properly follow established procedures to collect and disseminate data for subsurface utilities;
> C.    Failed to properly protect Plaintiff EMOC's property from damage; and,
> D.    Failed to properly hire, supervise and train employees and subcontractors to prevent damage to Plaintiff EMOC's property.

> **ANSWER:**    **Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count IV of Plaintiff's Complaint including Paragraphs 44-47, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

47.    As a direct and proximate cause of one or more of then foregoing negligent acts or omissions by Defendant Transystems Corporation that Plaintiff EMOC's property was damaged causing economic losses, expenses, and property damage.

> **ANSWER:**    **Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count IV of Plaintiff's Complaint including Paragraphs 44-47, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

## COUNT V — NEGLIGENCE
## (CONSOER TOWNSEND ENWRODYNE ENGINEERS, INC.)

48.     Paragraphs 1—31 of this Complaint are incorporated by reference in this Count. V, and repeated herein as if fully restated.

**ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count V of Plaintiff's Complaint including Paragraphs 48-51, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

49.     At all times relevant hereto Defendant CTE owed to the Plaintiff EMOC the duty to use reasonable care in the supervision of the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

**ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count V of Plaintiff's Complaint including Paragraphs 48-51, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

50.     In the breach of such duty of reasonable care, Defendant CIE committed one or more of the following acts or omissions:

A.     Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

B.     Failed to properly follow established procedures to collect and disseminate data for subsurface utilities;

C.     Failed to properly protect Plaintiff EMOC's property from damage;

D.     Failed to properly coordinate, supervise and train employees. subcontractors and contractor to prevent damage to Plaintiff EMOC's property;

E.     Failed undertake and implement safety procedures and protocols and to disseminate same to contractors and subcontractors requiring that that they (contractors and subcontractors) immediately cease all work upon encountering unknown facilities while working adjacent to the refinery.

**ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count V of Plaintiff's Complaint including Paragraphs 48-51, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.**

51.     As a direct and proximate cause of one or more of the foregoing negligent acts or omissions by Defendant CTE that Plaintiff EMOC's property was damaged causing economic losses, expenses, and property damage.

**ANSWER:    Defendant D. CONSTRUCTION, INC. makes no answer to the allegations of Count V of Plaintiff's Complaint including**

Paragraphs 48-51, as those allegations are not directed to Defendant D. CONSTRUCTION, INC.

**DEFENDANTDEMANDS TRIAL BY JURY**

Respectfully submitted,

SMITHAMUNDSEN LLC


BY:    /s/ Camille M. Knight
        Attorneys for Defendant
        D. CONSTRUCTION, INC.

MICHAEL J. MCGOWAN – 6199089
CAMILLE M. KNIGHT– 6276278
BRAD RAUSA
SMITHAMUNDSEN LLC
150 NORTH MICHIGAN AVENUE
SUITE 3300
CHICAGO, IL 60601
(312) 894-3200