**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION, )<br>A New York Corporation, )<br>  )<br>  Plaintiff, )<br>  v. )<br>  )<br>D CONSTRUCTION MANAGEMENT CO., )<br>INC., an Illinois Corporation, **PT FERRO** )<br>**CONSTRUCTION COMPANY, INC**., an Illinois )<br>Corporation, **TRANSYSTEMS CORPORATION**,)<br>a Missouri Corporation, and **CONSOER** )<br>**TOWNSEND ENVIRONDYNE ENGINEERS,** )<br>**INC**., a Delaware Corporation, )<br>  )<br>  Defendants. ) | **Case No.   08 CV 3064**<br><br>Judge Norgle<br>Magistrate Judge Schenkier |

**PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS PORTIONS OF
AFFIRMATIVE DEFENSES OF DEFENDANTS P.T. FERRO CONSTRUCTION
COMPANY, INC. AND CONSOER TOWNSEND ENVIRODYNE ENGINEERS**

Now comes the Plaintiff, EXXONMOBIL OIL CORPORATION, ("EMOC"), by and through its attorneys, Brumund, Jacobs, Hammel, Davidson & Andreano LLC, and hereby moves this Court, pursuant to FRCP 12(b)(6), to dismiss those portions of the Affirmative Defenses filed by Defendants PT FERRO CONSTRUCTION COMPANY, INC. ("Ferro") and CONSOER TOWNSEND ENVIRONDYNE ENGINEERS INC. ("CTE") that refer to any duty of EMOC to comply in any manner, regarding its private electrical conduit lines at issue in this controversy, with 220 ILCS 50/1 *et seq.*, (the Illinois Underground Utility Facility Damage Prevention Act). In support of its Motion, the Plaintiff states as follows:

In subparagraphs 2(d) and 2(e) of the Affirmative Defenses plead by Ferro, it alleges that EMOC was "contributorily negligent" in the destruction of its private

1

electrical conduit lines by Ferro's subcontractor because it failed to "participate in Illinois' State-Wide-One-Call Notice System" and "notify the Illinois State-Wide-One-Call Notice System (J.U.L.I.E.) of the location or existence of the conduits." Paragraphs 6 and 7 of CTE's Second Affirmative Defense not only allege, as above, that EMOC failed to participate in, notify, and call the "Illinois State-Wide-One-Call Notice System (J.U.L.I.E.)," but also that EMOC was "required by statute to notify J.U.L.I.E. of the existence and location of the utility lines at issue."  As will be demonstrated in this motion, EMOC had no duties under the claimed Illinois notice system as the statutory scheme applies only to certain public utilities and does not cover privately owned facilities.

Initially, the electrical conduit lines disrupted during the course of road construction were privately owned by EMOC.  (Plaintiff's Compt. § 7: "*The present dispute involves the cutting of private electrical lines owned by EMOC during a roadway reconstruction project commissioned by the County of Will.*")  Unlike utility lines operated or maintained by Commonwealth Edison Company or some other public utility, the lines presently at issue are private property.  Though EMOC's lines were much larger, and encased in concrete and steel, its use of these private lines is analogous to a landowner running an electrical conduit from a residence to a backyard shed to provide power for lighting or other uses.  That is, the lines are not public utility lines.  This fact is crucial to understanding why the present motion is well taken.

At common law, excavators dug at their own peril and utility owners had no duty to inform others as to the existence or location of their lines, viz:

> "The streets of a modern city are so underlaid with pipes and conduits of various kinds necessary to the comfort and welfare of

2

> its citizens that one may be required to almost take judicial notice that in digging he may encounter some such pipe or conduit at any point in a street… [I]t was the duty of the defendant to inform itself of the location of plaintiff's property, and the plaintiff cannot be held contributorily negligent as a legal proposition because it did not seek out the defendant and inform it where its conduit and cables were located, nor was it the duty of the plaintiff to check the records of the municipality to ascertain to whom permission had been given to excavate at the place where plaintiff had buried its conduits and cables."

*Illinois Bell Telephone v. Chas. Ind. Co.*, 3 Ill.App.2d 258, 121 N.E.2d 600 (2nd Dist. 1954).

To facilitate modern building practices, statutory "One-Call" systems were devised and adopted. *Illinois Bell Telephone Co. vs. Lake County Grading Co.*, 313 Ill.App.3d 184, 728 N.E.2d 1178 (2nd Dist. 2000). In Illinois, the "One-Call" notice system is a product of 220 ILCS 50/1 *et seq.*, otherwise known as the Illinois Underground Utility Facility Damage Prevention Act ("Act"). This statutory scheme provides that certain public utilities operating underground facilities are required to join the Illinois State-Wide-One-Call Notice System. 220 ILCS 50/3. Under the Act, the Illinois Commerce Commission is vested with authority to enforce violations "[I]n the manner provided by the Public Utilities Act…" (220 ILCS 50/5(j)). A review of the Act reveals that it is limited in scope and has no application to private lines, viz:

> "Underground utility facilities" or "facilities" **means** and includes wires, ducts, fiber optic cable, conduits, pipes, sewers, and cables and their connected appurtenances installed beneath the surface of the ground **by a public utility** (as is defined in the **Illinois Public Utilities Act**, as

3

amended), **or by a municipally** owned or mutually owned utility providing a similar utility service…" 220 ILCS 50/2.2 (emphasis added)

In *Bart v. Union Oil Company of California*, 185 Ill.App.3d 64, 540 N.E.2d 770 (3rd Dist. 1989), an Illinois Appellate Court was asked to determine whether an oil refinery operator was a "public utility" under the Illinois Public Utilities Act, 220 ILCS 5/1-101, *et seq.* The Court answered in the negative, citing the Illinois Supreme Court's prior holding in *Mississippi River Fuel Corp v. Illinois Commerce Commission*, 1 Ill.2d 509, 116 N.E.2d 394 (Ill. 1953), that public utilities, under the Illinois Public Utilities Act, must make their product or service available to the general public, and without discrimination. Under this standard, and in this case, EMOC, like the oil refiner in the *Bart, supra,* matter, is not a "public utility" pursuant to 220 ILCS 5/1-101, *et seq.*

Therefore, since EMOC does not fit into any of the categories of underground public utility operators defined by 220 ILCS 50/2.2, EMOC is not subject to membership in the Illinois State-Wide-One-Call Notice System (J.U.L.I.E.). EMOC has no duties under the Act, as the General Assembly chose to impose statutory obligations only upon public utilities governed by the Public Utilities Act, and not private citizens or owners of private sewer lines, electrical lines, or non-public facilities. The J.U.L.I.E. system simply does not apply to private electrical lines. Even the J.U.L.I.E. website informs readers that private lines are not part of the system[1].

Based on the foregoing, EMOC's electrical lines are not part of the J.U.L.I.E system and thus are not within the ambit of the Illinois Underground Utility Facility

---

[1] *http://www.illinois1call.com/uti_response/private_lines.htm* (visited 8/20/08)

Damage Act as a matter of law. It is therefore not a proper defense to assert that EMOC failed to join J.U.L.I.E., as the Act simply does not apply.

WHEREFORE, the Plaintiff, EXXONMOBIL OIL CORPORATION, respectfully requests this Honorable Court to Dismiss, pursuant to FRCP 12(b)(6), subparagraphs 2(d) and 2(e) of the Affirmative Defenses pleaded by Defendant PT FERRO CONSTRUCTION COMPANY, INC., and paragraphs 6 and 7 of the Second Affirmative Defense pleaded by Defendant CONSOER TOWNSEND ENVIRONDYNE ENGINEERS INC., for the reasons argued above, and for such further relief as this Court deems just and warranted.

                    **ExxonMobil Oil Corporation**

                    By:   /s/ Frank P. Andreano
                          One of Its Attorneys

Frank P. Andreano
ARDC No. 6202756
Brumund, Jacobs, Hammel, Davidson & Andreano, LLC.
58 East Clinton, Ste. 200
Joliet, Il 60432
(815) 723-0628
fandreano@brumund-jacobs.com