IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION, ) <br> A New York Corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> D CONSTRUCTION MANAGEMENT CO. ) <br> **INC.,** an Illinois Corporation, **PT FERRO** ) <br> **CONSTRUCTION COMPANY, INC**., an Illinois ) <br> Corporation, **TRANSYSTEMS CORPORATION**,) <br> a Missouri Corporation, and **CONSOER** ) <br> **TOWNSEND ENVIRONDYNE ENGINEERS,** ) <br> **INC**., a Delaware Corporation, ) <br> ) <br> Defendants. ) | | Case No.　08 CV 3064 <br><br> Judge Norgle <br> Magistrate Judge Schenkier |

**PLAINTIFF'S ANSWER TO AFFIRMATIVE DEFENSES
OF CONSOER TOWNSEND ENVIRONDYNE ENGINEERS, INC**.

Now comes the Plaintiff, ExxonMobil Oil Corporation (hereinafter "EMOC"), by and through its attorneys, Brumund, Jacobs, Hammel, Davidson & Andreano LLC, and for its Answer to the Affirmative Defenses to Count V of its Complaint pleaded by Defendant, Consoer Townsend Envirodyne Engineers, Inc. (hereinafter "CTE"), states as follows:

**First Affirmative Defense**

Any alleged damages that EMOC may have incurred were caused by the acts or omissions of others who were neither employed not controlled by CTE.

**ANSWER:** **Denies any implication of non-culpability on the part of CTE.**

**Second Affirmative Defense**

    1. At all relevant times, EMOC had a duty to use ordinary and reasonable care for the protection and safety of its property.

**ANSWER:** **Admits to those duties prescribed by the laws of the State of Illinois.**

    2. On information and belief, during the course of the Arsenal Road Project, representatives of EMOC participated in extensive communications with Transystems Corporation regarding the existence and location of utility lines related to EMOC's property.

**ANSWER:** **Admits.**

    3. On information and belief, during the time period when Transystems Corporation was designing the Arsenal Road Project, EMOC was provide copies of utility plans developed by Transystems Corporation related to the construction project to replace and widen Arsenal Road.

**ANSWER:** **Denies.**

    4. Despite having knowledge of where the construction would occur, including the removal of existing roadway and the excavation for the new roadway, on information and belief, EMOC never informed anyone of the existence of the subsurface utility lines at issue.

**ANSWER:** **Denies.**

    5. EMOC installed, or caused to be installed, the utility lines at issue in such a manner that the damage to the utility lines during ordinary maintenance and construction related to the roadway was reasonably foreseeable.

**ANSWER:** **Denies.**

    6. On information and belief, EMOC failed to participate in Illinois' State-Wide-One-Call Notice System ("J.U.L.I.E.") and failed to notify J.U.L.I.E. of the existence and location of the utility lines at issue.

**ANSWER:** **Denies.**

    7. On further information and belief, EMOC was required by statute to notify J.U.L.I.E. of the existence and location of the utility lines at issue and, by failing to have done so, may be prima facie guilty of negligence.

**ANSWER:** **Denies.**

    8. If EMOC has been damaged as alleged in its Complaint, then those damages were caused as a result of EMOC's breach of its duty to use ordinary and reasonable care for the protection and safety of its property.

**ANSWER:** **Denies.**

**Third Affirmative Defense**

    1. EMOC, in its complaint, has alleged that CTE was responsible for certain duties in relation to the construction project that is the subject of its Complaint.

**ANSWER:** **Admits.**

    2. EMOC, in its Complaint, has alleged that various acts or omissions on the part of CTE breached those duties and caused EMOC to be damaged.

**ANSWER:** **Admits.**

    3. Neither the alleged duties, nor the acts or omissions that EMOC alleges cause it to be damaged, were CTE's responsibility under the contract it

    executed for the engineering services it performed related to the construction project that is the subject of its Complaint.

**ANSWER:**  **Denies.**

    4. Consequently, if EMOC has been damaged as alleged in its Complaint, then those damages were not caused by CTE.

**ANSWER:**  **Denies.**

**Fourth Affirmative Defense**

    1. EMOC, in its Complaint, has alleged that CTE was responsible for certain duties in relation to the construction project that is the subject of its Complaint.

**ANSWER:**  **Admits.**

    2. EMOC, in its Complaint, has alleged that various acts or omissions on the part of CTE breached those duties and caused EMOC to be damaged.

**ANSWER:**  **Admits.**

    3. To the extent any of those alleged duties, or the acts or omissions that EMOC alleges caused it to be damaged, are imputed to CTE as an agent of Will County, then CTE is entitled to qualified immunity pursuant to 745 ILCS 10/1-101 *et seq.*

**ANSWER:**  **Denies.**

    4. Consequently, if EMOC has been damaged as alleged in its Complaint, then CTE cannot be held responsible for those damages.

**ANSWER:**  **Denies.**

5

WHEREFORE, the Plaintiff, ExxonMobil Oil Corporation, by and through its attorneys, Brumund, Jacobs, Hammel, Davidson & Andreano LLC, respectfully requests this Honorable Court to enter judgment in its favor, and against Defendant Consoer Townsend Envirodyne Engineers, Inc., and for such further relief as it deems just and necessary.

                                                 **ExxonMobil Oil Corporation**

                                                 By:   /s/ Frank P. Andreano
                                                             One of Its Attorneys

Frank P. Andreano
ARDC No. 6202756
Brumund, Jacobs, Hammel, Davidson & Andreano, LLC.
58 East Clinton, Ste. 200
Joliet, Il 60432
(815) 723-0628
fandreano@brumund-jacobs.com