IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION, ) <br> A New York Corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> D CONSTRUCTION MANAGEMENT ) <br> COMPANY, INC., an Illinois Corporation, and ) <br> PT FERRO CONSTRUCTION COMPANY, ) <br> INC., An Illinois Corporation, and ) <br> TRANSYSTEMS CORPORATION, a ) <br> Missouri Corporation, and CONSOER ) <br> TOWNSEND ENVIRODYNE ENGINEERS, ) <br> INC., a Delaware Corporation ) <br> ) <br> Defendants. ) | Case No. 08 CV 3064 <br><br> Judge Norgle <br><br> Magistrate Judge Schenkier |

### ANSWER OF CONSOER TOWNSEND ENVIRODYNE ENGINEERS, INC. TO TRANSYSTEMS CORPORATION'S CROSS-CLAIMS

Consoer Townsend Envirodyne Engineers, Inc. ("CTE"), by and through its attorneys, Seyfarth Shaw LLP, and for its answer to the Cross-Claims of Transystems Corporation ("Transystems"), states as follows:

### GENERAL ALLEGATIONS

1. On Information and belief, ExxonMobil Oil Corporation ("EMOC") is a New York Corporation with its principal place of business in Houston, Texas, and is engaged in the petrochemical, petroleum and related industries.

**ANSWER:** CTE lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Cross-Claims, and, therefore, neither admits nor denies them.

CH1 11542296.1

2. On information and belief, D Construction Management Company, Inc. ("D Construction") is an Illinois Corporation with its principal place of business in Coal City, Illinois, and is a corporation engaged in providing general contracting, excavation and road construction services.

**ANSWER:** CTE lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Cross-Claims, and, therefore, neither admits nor denies them.

3. On information and belief, PT Ferro Construction Company, Inc. ("PT Ferro") is an Illinois Corporation with its principal place of business in Joliet, Illinois, and is a corporation engaged in providing general contracting, subcontracting, excavation and road construction services.

**ANSWER:** CTE lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Cross-Claims, and, therefore, neither admits nor denies them.

4. On information and belief, Consoer Townsend Envirodyne Engineers, Inc. ("Consoer") is a Delaware Corporation with its principal place of business in Chicago, Illinois, and is a corporation engaged in providing construction management and engineering overnight services.

**ANSWER:** CTE admits that it is a Delaware Corporation with its principal place of business in Chicago, Illinois. CTE denies the remaining allegations contained in paragraph 4 of the Cross-Claims.

5. Transystems Corporation ("Transystems") is a Missouri Corporation with its principal place of business in Kansas City, Missouri, and is engaged in providing engineering services related to transportation projects.

**ANSWER:** CTE lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Cross-Claims, and, therefore, neither admits nor denies them.

6. On May 28, 2008, EMOC filed its Complaint against Transystems, and other defendants, arising out of a roadway reconstruction project for Arsenal Road in Will County, Illinois ("Arsenal Road Project").

**ANSWER:** On information and belief, CTE admits the allegations contained in paragraph 6 of the Cross-Claims.

7.  On July 24, 2008, Transystems filed its Answer and Affirmative Defenses denying all material allegations directed against Transystems.

**ANSWER:**   On information and belief, CTE admits the allegations contained in paragraph 7 of the Cross-Claims.

8.  EMOC alleges in its Complaint that during the Arsenal Road Project, electrical lines supplying electricity to the EMOC facility were cut and pulled from their moorings at the transformer, short circuiting the electricity and causing a power outage to EMOC's water filtration plant.

**ANSWER:**   CTE admits the allegations contained in paragraph 8 of the Cross-Claims.

9.  EMOC further alleges that a second set of electrical lines was also partially pulled from its moorings.

**ANSWER:**   CTE admits the allegations contained in paragraph 9 of the Cross-Claims.

10.  EMOC seeks damages from Transystems, and other defendants, in the amount of $950,000 for repair and replacement of the damaged electrical lines.

**ANSWER:**   On information and belief, CTE admits the allegations contained in paragraph 10 of the Cross-Claims.

## CROSS-CLAIMS

### COUNT I
### (Contribution v. D Construction)

Count I is not directed to CTE and, therefore, CTE does not answer it. To the extent any of the allegations contained in paragraphs 12 through 15 of Count I are construed to be directed at CTE, CTE denies those allegations.

## COUNT II
### (Contribution v. PT Ferro)

Count II is not directed to CTE and, therefore, CTE does not answer it. To the extent any of the allegations contained in paragraphs 17 through 20 of Count II are construed to be directed at CTE, CTE denies those allegations.

## COUNT III
### (Contribution v. Consoer)

21. Transystems realleges and incorporates paragraphs 1 through 10 of the General Allegations as paragraph 21 of this Count III as though fully set forth herein.

**ANSWER:** CTE realleges and reaffirms its answers to paragraphs 1 through 10 as its answer to paragraph 21 of this Count III as though fully stated here.

22. EMOC alleges that Consoer was hired by the County of Will to act as the project coordinator and construction manager for the reconstruction of Arsenal Road.

**ANSWER:** CTE admits the allegations contained in paragraph 22 of Count III of the Cross-Claims. Further answering, CTE states that it has, and does, deny those allegations made by EMOC.

23. EMOC further alleges that Consoer, as project manager for the Arsenal Road Project, was required to coordinate information between and among Will County, D Construction, PT Ferro, Transystems and property owners along Arsenal Road so that the excavation and construction would not damage any existing utilities or trespass upon private property.

**ANSWER:** CTE admits the allegations contained in paragraph 23 of Count III of the Cross-Claims. Further answering, CTE states that it has, and does, deny those allegations made by EMOC.

24. EMOC claims that Consoer owed a duty to use reasonable care in the supervision of the excavation, construction and improvement of Arsenal Road, Will County, Illinois.

**ANSWER:** On information and belief, CTE admits the allegations contained in paragraph 24 of Count III of the Cross-Claims. Further answering, CTE states that it has, and does, deny those claims made by EMOC.

25. In the event EMOC is entitled to any recovery from Transystems for its purported negligence, which Transystems has denied and continues to deny, then said recovery shall be based, in whole or in part, on the negligence of Consoer, who EMOC alleges committed one or more of the following negligent acts and/or omissions:

 a. Failed to properly identify Plaintiff EMOC's property along side and under Arsenal Road;

 b. Failed to properly follow established procedures to collect and disseminate data for subsurface utilities;

 c. Failed to properly protect Plaintiff EMOC's property from damage;

 d. Failed to properly coordinate, supervise and train employees, subcontractors and contractor to prevent damage to Plaintiff EMOC's property; and

 e. Failed to undertake and implement safety procedures and protocols, and to disseminate same to contractors and subcontractors requiring that they immediately cease all work upon encountering unknown facilities while working adjacent to the refinery.

**ANSWER:** The allegations in paragraph 25, including subparagraphs 25(a) through 25(e), of Count III of the Cross-Claims assert legal conclusions to which no answer is required. To the extent that an answer is required, CTE denies the allegations contained in paragraph 25, including subparagraphs 25(a) through 25(e), of Count III of the Cross-Claims.

26. If Transystems is found to be liable to EMOC in this matter, then Transystems is entitled to contribution from Defendant Consoer pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/.01 et. seq.

**ANSWER:** The allegations in paragraph 26 of Count III of the Cross-Claims assert legal conclusions to which no answer is required. To the extent that an answer is required, CTE denies the allegations contained in paragraph 26 of Count III of the Cross-Claims.

WHEREFORE, Consoer Townsend Envirodyne Engineers, Inc. requests that judgment be entered in its favor and against Transystems Corporation and that it be awarded such other relief as the Court may deem proper.

Respectfully submitted,

/s/ Scott J. Smith
Scott J. Smith (# 6238132)
Seyfarth Shaw LLP
131 S. Dearborn St.
Suite 2400
Chicago, IL 60603-5803
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant Consoer Townsend Envirodyne Engineers, Inc.

CH1 11542296.1

6